[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS MOTION TO STRIKE (#101)
First Count. Granted. The allegations are insufficient as a matter of law to state a cause of action for intentional infliction of emotional distress. They do not rise to the level of extreme and outrageous conduct nor are there any factual allegations that support the conclusory statement that the plaintiff suffered "extreme emotional distress". DeLaurentis v.New Haven, 220 Conn. 225, 266-67 (1991).
Second Count. Same as first count.
Third Count. Denied. Even if the employment was "at will" and even if the individual defendant harbored only a perception that the plaintiff would report her deficiencies to DCF, termination of the plaintiffs employment for that reason would violate an articulated public policy that protects an employees job security from retaliation for reporting employer deficiencies to supervisory authorities. Sheets v. Teddy's Frosted Foods. Inc.179 Conn. 471, (1980); Morris v. Hartford Courant. Co.220 Conn. 676, 679 (1986).
Fourth Count. Denied. It cannot be said as a matter of law that the individual defendants conduct was not unreasonable under the circumstances. Parsons v. United Technologies,
conduct was not unreasonable under the circumstances. Parsons v.CT Page 3786United Technologies, Corp., 243 Conn. 66, 88,-89 (1997).
Fifth Count. Denied. Same as fourth count.
THE COURT,
Mottolese, Judge